IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Hudgens, ) | |
| ) | Civil Action No. 6:13-3108-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the court for a report and recommendation pursuant to Local Civ. Rule 73.02(B)(2)(a)(D.S.C.), concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, who is proceeding *pro se*, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits on December 17, 2010, alleging that he became unable to work on September 29, 2010 (Tr. 48). The applications were denied initially and on reconsideration by the Social Security Administration. On August 29, 2011, the plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff, who was then represented by counsel, appeared on July 5, 2012, considered the

---

[1]A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

case *de novo*, and on August 9, 2012, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. At the hearing, the plaintiff, through his attorney, amended his alleged onset date to June 7, 2011, the date of denial by the Appeals Council of the plaintiff's request for review of the ALJ's unfavorable decision on his prior application (Tr. 11, 48; *see* Tr. 57-77, 10/5/2010 ALJ decision; Tr. 83-87, 6/7/2011, Appeals Council decision). The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied the plaintiff's request for review on September 19, 2013. The plaintiff then filed this action for judicial review.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

> (1)    The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.
>
> (2)    The claimant has not engaged in substantial gainful activity since September 29, 2010, the alleged onset date (20 C.F.R §§ 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> (3)    The claimant has the following severe impairments: cervical degenerative disc changes (20 C.F.R. §§ 404.1520(c) and 416.920(c)).
>
> (4)    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925 and 416.926).
>
> (5)    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). The claimant is able to lift a maximum of 50 pounds occasionally (up to 2 hours per day) and 25 pounds frequently. He can stand a maximum of 6 hours in an 8 hour workday and can sit intermittently during the remaining time of day. He is able to push and pull arm and leg controls and frequently bend and stoop.
>
> (6)    The claimant is capable of performing past relevant work as a bus boy, janitor, and grocery bagger. These jobs do not

> require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).
>
> (7)   The claimant has not been under a disability, as defined in the Social Security Act, from September 29, 2010, through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

The only issues before the court are whether proper legal standards were applied and whether the final decision of the Commissioner is supported by substantial evidence.

## APPLICABLE LAW

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability."  42 U.S.C. § 423(a).  "Disability" is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions.  An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment that prevents past relevant work, and (5) has an impairment that prevents him from doing substantial gainful employment. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found not disabled at any step, further inquiry is unnecessary.  *Id.* §§ 404.1520(a)(4), 416.920(a)(4).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82–62, 1982 WL 31386, at *3. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) (citation omitted).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings and that the conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## ANALYSIS

The plaintiff was born on December 1, 1963 (Tr. 26). He was 47 years old on his amended alleged disability onset date and 48 years old at the time of the ALJ's decision. He completed twelfth grade, but he does not have a diploma or GED. The plaintiff had past relevant work experience as a bus boy, janitor, and grocery bagger. The plaintiff appears to challenge the ALJ's residual functional capacity ("RFC") finding, arguing that the ALJ did not adequately consider the medical evidence in the record.

As argued by the Commissioner, substantial evidence supports the RFC assessment in this case. Significantly, the ALJ reasonably relied on the opinions of the reviewing State agency doctors, which are consistent with and support his RFC determination. Dr. Dale Van Slooten reviewed the plaintiff's records and completed a Physical RFC Assessment on April 5, 2011, finding the plaintiff could perform a full range of medium work (Tr. 266-73). On August 8, 2011, Dr. Frank Ferrell affirmed Dr. Van Slooten's findings (Tr. 276). Also on April 5, 2011, Gary E. Calhoun, Ph. D., completed a Psychiatric Review Technique, finding that the plaintiff had mild difficulties in maintaining concentration, persistence, or pace and no other limitations (Tr. 252-64). *See* 20 C.F.R. §§ 404.1527(e)(2)(I), 416.927(e)(2)(i) ("State agency medical and psychological consultants . . . are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination about whether

you are disabled."). *See also* SSR 96-6p, 1996 WL 374180, at *3 ("In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources."); *Campbell v. Bowen*, 800 F.2d 1247, 1250 (4th Cir.1986) (Fourth Circuit cases "clearly contemplate the possibility that [treating physician] opinions may be rejected in particular cases in deference to conflicting opinions of non-treating physicians."); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir.1984) ("[T]he testimony of a non-examining, non-treating physician should be discounted and is not substantial evidence when totally contradicted by other evidence in the record. . . . [W]e have also ruled that the testimony of a non-examining physician can be relied upon when it is consistent with the record.") (citations omitted).

The ALJ gave the opinions of the State agency physicians "substantial weight," finding they were consistent with other evidence of record (Tr. 17). For instance, the ALJ noted that, despite the plaintiff's complaints of disabling pain, his treatment was very limited, and he failed to follow through on recommendations made by his doctors (Tr. 16). Specifically, the record shows only two medical notes from the Greenville Free Medical Clinic that post-date the plaintiff's alleged onset date. On September 1, 2011, it was noted that the plaintiff complained of neck, back, and heel pain, and headache. However, he did not return to see the attending doctor (Tr. 280). On October 20, 2011, the plaintiff was seen for a followup for neck and back pain, and it was noted that the plaintiff took Aleve, ibuprofen, and Mobic (Tr. 279). It was also noted that the plaintiff did not followup after an MRI in 2009 (*id*.). As the ALJ stated, "there is no evidence that plaintiff has ever been seen or treated in an emergency room… [and] he has not required surgery, physical therapy, or [ ] specialized treatment" (Tr. 16-17). Further, although the plaintiff testified that his lack of insurance affected his ability to seek treatment (Tr. 39-40), the ALJ specifically noted (Tr. 16) that the Greenville Free Medical Clinic provides medical service

at no charge to uninsured individuals. *See* http://greenvillefreeclinic.org (last visited December 19, 2014) (the clinic provides "health care and wellness services at no charge to people who cannot pay for care and to those who do not have insurance available to them.").

Moreover, as argued by the Commissioner, the plaintiff cannot cite to any other evidence in the record supporting a more limited RFC than the ALJ assigned. At best, the plaintiff may rely on the report of consultative examiner Lary R. Korn, D.O., who examined the plaintiff on March 16, 2011 (Tr. 248-50). Dr. Korn noted the plaintiff's "abnormal spinal curvature" and stated that the plaintiff "seemed to have some sort of posttraumatic process going on in those segments" (Tr. 250). However, Dr. Korn merely speculated that certain unavailable diagnostic data could establish functional limitations in the plaintiff's ability to work, including "sustained gross manipulations with his arms . . . [and] overhead manipulations," but also cautioned that the plaintiff's preferred posture appeared to contradict his speculative assessment (*Id.* ("His preferred posture seems to be a little contradictory as I would think bending and leaning at the waist would cause some additional discomfort)). The State agency doctors considered Dr. Korn's findings and nonetheless supportably determined that the plaintiff retained the RFC to perform medium work (Tr. 267, 276), as the ALJ found.

In making his RFC finding, the ALJ properly assessed the plaintiff's credibility, finding that while the plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible (Tr. 15-16). In addition to the lack of medical evidence supporting the plaintiff's claims of disabling pain, the ALJ noted that the plaintiff testified that over the counter medication and supplements from the health food store helped his symptoms; his chiropractor and neurologist told him to exercise; his activities of daily living included reading, watching television, driving, and

attending church; he was currently working part-time; and he had received unemployment benefits (Tr. 15-17). *See Craig v. Chater*, 76 F.3d 585, 593, 595 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements."); SSR 96-7p, 1996 WL 374186, at *3 (factors to be considered in assessing claimant's credibility include the individual's daily activities; location, duration, frequency, and intensity of the individual's pain; factors that precipitate and aggravate the symptoms; type, dosage, effectiveness, and side effects of any medication the individual takes; any measures other than treatment the individual uses to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.).

With regard to the collection of unemployment benefits, the ALJ correctly noted that "the acceptance of [such] requires the statement that he is both willing and able to work full time and further requires that he attempt to obtain employment" (Tr. 16). In *Brannon v. Astrue,* a case recently decided in this district, the plaintiff argued that the ALJ erred in considering her application for unemployment benefits. C.A. No. 1:11-1568-SVH, 2012 WL 3842572, at *11 (D.S.C. Sept. 4, 2012). The court in *Brannon* found as follows:

> The court is not persuaded by Plaintiff's argument that the ALJ erred in finding that her application for unemployment benefits "automatically bar[red] her application for Social Security disability benefits." This argument is a mischaracterization of the ALJ's decision. The ALJ noted Plaintiff's application for unemployment benefits as one of many factors impacting his credibility determination and at no point stated that the application barred Plaintiff's application for disability benefits. Tr. at 23. The propriety of the ALJ's actions is underscored by the memoranda Plaintiff attaches as exhibits to her brief. In the memoranda, Chief Social Security ALJ, Frank Cristaudo set

> forth the SSA's policy on how the receipt of unemployment benefits impacts a disability determination. In the first memorandum, dated November 15, 2006, Judge Cristaudo wrote: "This is a reminder that the receipt of unemployment insurance benefits does not preclude the receipt of Social Security disability benefits. The receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled. *See* 20 CFR 404.1512(b) and 416.912(b)." The judge went on to state that "application for unemployment benefits is evidence that the ALJ must consider together with all of the medical and other evidence." *Id*. In the second memorandum, Judge Cristaudo re-emphasized the position of the Social Security Administration that "individuals need not choose" between applying for the two types of benefits, and that "ALJs should look at the totality of circumstances in determining the significance of the application for unemployment benefits and related efforts to obtain employment." The ALJ complied with these memoranda and properly considered Plaintiff's application for unemployment benefits in conjunction with all of the medical and other evidence of record.

*Id.* (docket entry citations omitted). S*ee also Cook v. Astrue*, C.A. No. 0:11-1625-JFA-PJG, 2012 WL 1658923, at *4 (D.S.C. April 19, 2012) ("an application for disability may not be denied solely on the ground that the applicant received unemployment benefits"), *R&R adopted by* 2012 WL 1660659 (D.S.C. May 11, 2012); *Elder v. Astrue*, C.A. No. 3:09-2365-JRM, 2010 WL 3980105, at *10 (D.S.C. Oct. 8, 2010) (ALJ's credibility finding supported in part by evidence that plaintiff applied for unemployment benefits). Accordingly, the ALJ here properly considered the plaintiff's receipt of unemployment benefits as one factor in the credibility analysis.

      Likewise, the plaintiff's activity level also supports the ALJ's credibility analysis and RFC finding. Most significantly, the ALJ noted that throughout the period at issue the plaintiff had engaged in part-time work as a cleaner at the library, most recently working between four to five hours per day, five days per week (Tr. 15-16; *see* Tr. 27). *See Roach v. Astrue*, C.A. No. 4:08-3770-TER, 2010 WL1052849, at *5 (D.S.C. Mar. 19, 2010) ("'[W]orking at a job while applying for benefits [is] inconsistent with complaints of disabling

pain.'") (quoting *Dunahoo v. Apfel,* 241 F.3d 1033, 1039 (8th Cir.2001)).  As the ALJ stated, the reason the plaintiff was working on a part-time basis was "because that is what they [management] hire[d] him to work" (Tr. 16; *supported at* Tr. 49).  The plaintiff did not cite his impairments as a basis for not working more hours.

Based upon the foregoing, substantial evidence supports the ALJ's decision and his reliance on the reviewing doctors' opinions.

## **CONCLUSION AND RECOMMENDATION**

This court finds that the Commissioner's decision is based upon substantial evidence and free of legal error.  Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the Commissioner's decision be affirmed.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

December 23, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).